# Arnold v. Clark County Board of Education.

Dec. 19, 1941.

Marcus C. Redwine for appellant.

J. Smith Hays, Jr., for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by the appellant, Charlie Arnold, against the appellee, Clark County Board of Education, to recover damages for breach of contract of sale of an abandoned school building. On trial before a jury the verdict was for the appellee and the appeal is from the judgment on that verdict.

The facts disclosed by the evidence were substantially as follows: The Board having practically completed the construction of a new school building, known as the Trapp School, sold the old school building at auction on June 17, 1939, and appellant became the purchaser at the price of $275. Immediately after the auction, a written contract of sale was drawn, which acknowledged receipt of the purchase price and provided that possession of the building should be given on or before September 1, 1939. The appellee by the contract bound itself "to deliver possession of the building on said property with the right to the party of the second part to remove same within sixty days after September 1, 1939." Immediate possession of the building was not given because the Board had some school desks and other property stored therein and desired to keep this property there until such time as the new building was ready for the property to be moved into it.

On Sunday, June 18, 1939, the day following appellant's purchase of the building, the appellant had a telephone conversation with Jim Tapp and agreed to sell the building to him for his son, Pruitt Tapp, for $325 and arranged a meeting on Thursday to complete the transaction by drawing up a contract of sale. Before the meeting on Thursday, however, appellant had decided to withdraw from his agreement to let Tapp have the building and on Thursday sent Tapp word to that effect. Tapp thereupon forwarded to appellant by

mail a bill of sale for appellant to sign and enclosed with this bill of sale a check for $325 for the purchase price. Appellant returned this check and bill of sale to Tapp notifying him that he could not sell the building, giving as his reason that it was "under promise" at the time he and Tapp had the telephone conversation.

On August 8, 1939, the Clark County school superintendent wrote a letter to appellant reading as follows:

"The Clark County Board of Education is now ready to give possession of the Trapp School building purchased by you on June 17, 1939."

This letter was received by appellant and on Friday, August 18, the school superintendent met appellant in Winchester and again informed him that all of the desks and other property of the Board were out of the building and that the Board was through with it and that appellant could take charge of it. Appellant informed the superintendent that he would take charge of the building the following Monday. Appellant, however, did not take charge of the building and began razing it on the following Monday because, as he said, it was raining that day. However, he went to the school site on the following Thursday to begin removal of the building, but on arriving there found that Tapp had taken charge of the building that day and was in the process of razing it. Tapp was claiming the right to do so by virtue of what he conceived to be a valid sale of the building to him by appellant. Appellant attempted to prevent Tapp's employees from continuing their work in razing the building but was unable to do so. He had the sheriff to serve written notice that the building belonged to him. Appellant also got in communication with the school superintendent and tried to prevail on that official to join with him in a suit to prevent Tapp from proceeding with removal of the building, but the superintendent declined to do so and appellant took no legal steps himself. Tapp proceeded with the razing and removal of the building and this action was filed by appellant against appellee seeking damages.

The appellee denied the allegations of the petition to the effect that it had failed to deliver the building to appellant and also made this answer a cross-petition against Tapp. The trial court, however, refused to permit filing of the cross-petition and struck it from the

files. The case was submitted to the jury under an instruction, in substance, to find for the plaintiff if the defendant failed and refused to give plaintiff possession of the property on or before the first day of September, 1939, with the right to remove same. The jury found for the appellee.

It is contended on this appeal that error was committed 1) in failing to give numerous instructions offered by appellant, 2) in permitting evidence of the transaction between appellant and Tapp tending to show that the building was sold to Tapp by appellant and 3) in failing to give a directed verdict for appellant.

We find it unnecessary to discuss in detail any of these separate contentions since it clearly appears that the appellee, not appellant, was entitled to a directed verdict at the conclusion of the evidence. Since this is true, the fact that the court may have erroneously submitted the case to the jury and admitted incompetent evidence is immaterial.

Assuming that there was no binding contract of sale between appellant and Tapp such as entitled Tapp to take charge of the building and remove it, appellant, nevertheless, had no cause of action against appellee since appellee was guilty of no breach of contract, having done all that it was required to do under its contract of sale with appellant. Title to the school building passed to appellant at the time of the execution of the contract of sale. A consideration of Sections 2651b-18 and 2651b-19 of the Kentucky Statutes, which are portions of our Uniform Sales Act, makes this clear beyond any doubt. The Board postponed giving possession of the building in order that the desks and other property might remain therein and under its contract the Board was merely called on to surrender possession to appellant on or before September 1, 1939. This it unquestionably did by the letter of August 8 written to appellant by the school superintendent and this action was confirmed by the conversation between appellant and the school superintendent in which appellant was again notified that the building was ready for him and in which he informed the superintendent that he would take charge of the building on the following Monday.

Appellee's contract ''to deliver possession'' to appellant meant no more than that it would give appellant

the right of possession on or before September 1, and this it did. Appellant was not deprived of the building by any act of the Board or by anyone claiming by, through or under that body. Tapp, who took charge of the building, was claiming by, through and under a supposed contract with appellant. Appellant had both legal title to and right of possession of the building at the time Tapp took charge thereof pursuant to a claimed contract with appellant and it was appellant's duty at that time, and not the duty of appellee, to protect the purchase made by appellant and prevent Tapp from removing the building. All obligation under the contract on the part of the Board to appellant had ceased when right of possession was given. Since the evidence discloses without contradiction that right of possession was given within the time provided in the contract, appellee was entitled to a directed verdict.

Judgment affirmed.